UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:16-cv-81499

MARIAN MIRSKY,

       Plaintiff,

vs.

JFK MEDICAL CENTER LIMITED PARTNERSHIP
d/b/a JFK MEDICAL CENTER,
a Florida corporation,

       Defendant.
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT
AGREEMENT AND DISMISSAL WITH PREJUDICE**

    The Parties, by and through their respective undersigned counsel, file this Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice and respectfully state as follows:

    In order to avoid continued costs and the uncertainty of litigation, the Parties have negotiated a settlement of this action under the Fair Labor Standards Act ("FLSA"). In the Eleventh Circuit, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

Defendants deny all liability to Plaintiff, and if this case continued would have asserted that Plaintiff was properly paid for all hours worked. Plaintiff would have denied that she was fully paid. As such, the Parties faced risks if litigation continued. Therefore, in order to avoid additional costs and the uncertainty of litigation, the Parties have agreed to a settlement as described in their Settlement Agreement. The Parties' executed Settlement Agreement is attached hereto as **Exhibit 1.**[1] Except as provided in the Settlement Agreement, each party shall bear its own attorneys' fees and costs incurred in connection with this litigation. The Parties stipulate that the Court should retain jurisdiction over enforcement of the Settlement Agreement.

WHEREFORE, the Parties respectfully request that the Court enter an Order: (1) approving the terms of the Settlement Agreement; (2) dismissing this action with prejudice pursuant to the parties' Settlement Agreement, with each party to bear its own attorneys' fees and costs except as set forth in the Settlement Agreement; and (3) retaining jurisdiction to enforce the Settlement Agreement. A proposed Order is attached as **Exhibit 2**.

**Law Offices of Levy & Levy, P.A.**
915 Middle River Drive, Suite 518
Ft. Lauderdale, Florida 33304
Tel: (954) 763-5722
Fax: (954) 763-5723
E-mail: chad@levylevylaw.com
Secondary: assistant@levylevylaw.com
*Counsel for Plaintiff*

By: */s/ Chad Levy*
    Chad E. Levy, Esq.
    Florida Bar No.: 0851701

**Carlton Fields Jorden Burt P.A.**
P.O. Box 150
West Palm Beach, FL 33402-0150
Tel: (561) 659-7070
Fax: (561) 659-7368
E-mail: akahn@carltonfields.com
*Counsel for Defendant*

By: */s/ Allison Kahn*
    Allison Oasis Kahn, Esq.
    Florida Bar No.: 496138

---

[1] At the time of filing, Defendant had not yet executed the Agreement, but will be doing so shortly.