## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into between MARIAN MIRSKY ("Mirsky"), and JFK MEDICAL CENTER LIMITED PARTNERSHIP d/b/a JFK Medical Center ("JFK"), in connection with certain claims Mirsky has made and specifically the claims raised by her in *Marian Mirsky v. JFK Medical Center Limited Partnership d/b/a JFK Medical Center*, Case No. 16-CIV-81499-ZLOCH, pending in the United States District Court for the Southern District of Florida (the "Lawsuit").

WHEREAS, Mirsky has asserted a claim for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

WHEREAS, JFK disputes any liability or responsibility on its respective behalf, or on behalf of its respective agents, for the claims raised in the Lawsuit; and

WHEREAS, the parties desire and intend hereby to avoid continued litigation and to resolve these disputes; and

WHEREAS, the execution of the Settlement Agreement is and should not be construed as an admission of liability on the part of JFK; and

WHEREAS, the parties have consulted with their respective counsel concerning the claims that have been asserted and the provisions of this Agreement.

NOW, THEREFORE, for and in consideration of the mutual covenants, representations, covenants and warranties recited hereinbelow, the parties do hereby agree as follows:

### 1. Payment

1.1 Within five (5) calendar days from the date of Court approval of this settlement, and following any revocation period if applicable, JFK agrees to pay and Mirsky agrees to accept

1

109739458.3

in full accord and satisfaction of all of her claims, including all claims she could have brought, the sum of Fifteen Thousand and no/100 Dollars (**$15,000.00**), the sufficiency of which is hereby acknowledged. These Settlement Proceeds shall be payable as follows:

    a.    **$4,000.00** payable to Marian Mirsky for unpaid wages. This payment shall be subject to appropriate withholdings, and Mirsky shall be issued a Form W-2 by JFK for this calendar year.

    b.    **$4,000.00** payable to Marian Mirsky for liquidated damages. For this payment, JFK shall issue to Mirsky a Form 1099 for this calendar year.

    c.    **$7,000.00** payable to Levy & Levy, P.A., for attorney' fees and costs for which a Form 1099 will be issued.

    1.2    JFK does not make any warranty or representation regarding the tax consequences of the payment and distribution of the Settlement Proceeds. Mirsky understands and agrees that if it is subsequently determined that any taxes are due, any and all employee or other tax liability which may be due or become due because of the payment of the Settlement Proceeds is her sole responsibility and that she will pay any such taxes. Mirsky agrees to indemnify JFK for any tax liability related to the non-wage portions of the settlement sum.

    1.3    Mirsky affirms, covenants, and warrants she is not a Medicare beneficiary and is not currently receiving, has not received in the past, will not have received at the time of payment pursuant to this Agreement, is not entitled to, is not eligible for, and has not applied for or sought Social Security Disability or Medicare benefits. In the event any statement in the preceding sentence is incorrect (e.g., but not limited to, if Mirsky is a Medicare beneficiary, etc.), the following sentences (i.e., the remaining sentences of this paragraph) apply. Mirsky affirms, covenants, and warrants she has made no claim for illness or injury against, nor is she aware of

109739458.3

any facts supporting any claim against, the released parties under which JFK could be liable for medical expenses incurred by Mirsky before or after the execution of this Agreement. Furthermore, Mirsky is aware of no medical expenses which Medicare has paid and for which Defendant is or could be liable now or in the future. Mirsky agrees and affirms that, to the best of her knowledge, no liens of any governmental entities, including those for Medicare conditional payments, exist. Mirsky will indemnify, defend, and hold JFK harmless from Medicare claims, liens, damages, conditional payments, and rights to payment, if any, including attorneys' fees, and Mirsky further agrees to waive any and all future private causes of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A), et seq.

## 2. Dismissal and Release

2.1   It is the intention of the parties that all claims asserted in the Lawsuit, as well as all claims Mirsky has or may have against JFK, shall be dismissed with prejudice.

2.2   Since Mirsky has raised a claim for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*, the parties shall execute and file with the Court a Joint Motion for Approval of Settlement as it pertains to Plaintiff's claim for unpaid overtime wages, and shall provide a copy of this Settlement Agreement to the court for *in camera* review, although the parties agree to file this Agreement if ordered to do so by the Court. The parties acknowledge that this Agreement is conditioned upon Court approval of the settlement, and that the Settlement Proceeds referred to in paragraph 1 shall not be disbursed until such approval.

2.3   Mirsky forever settles, releases, compromises, reaches accord and satisfaction, waives, remises, discharges and acquits JFK along with its heirs, successors, purchasers, subsidiaries, assigns, affiliates or parents, and the officers and directors, attorneys, agents and employees of any of them, for or on account of each and any claim which exists, whether known

3

109739458.3

or unknown, including but not limited to and claims under Title VII of the Civil Rights Act of 1964, the Family and Medical Leave Act, the Age Discrimination in Employment Act, the Fair Labor Standards Act, ERISA, the Americans with Disabilities Act, the Civil Rights Act of 1991, the Equal Pay Act, the Florida Civil Rights Act, the Florida Private Sector WhistleBlower Act, any applicable municipal ordinance prohibiting employment discrimination, and any other employment discrimination laws, as well as any other claims based on constitutional, statutory, contract law, common law or regulatory grounds, and specifically those claims asserted or otherwise assertable in the Lawsuit from the beginning of the world to the date hereof.

2.4   The parties fully understand and agree that this Settlement Agreement and Release may be pled as a complete defense to any claim or entitlement which may be hereafter asserted by any party or their representatives, or on their behalf either jointly or separately, and any suit, claim or grievance, for or on account of any matter or things up to and including the present date of execution hereof.

### 3.   No Admission of Liability or Wrongdoing

The parties hereby acknowledge that this Agreement has been executed in connection with the compromise and settlement of disputed claims, and that the Agreement and the actions taken pursuant thereto, do not constitute an acknowledgement or admission on the part of any party of liability to any person or entity, breach of any agreement or duty, or violation of any law or regulation.

### 4. No Re-Hire

Mirsky agrees that she will not make application for reinstatement or rehire at JFK either as an employee of JFK or as an employee of a staffing agency or to be assigned to JFK on a contract basis. Mirsky forever waives and relinquishes any and all claims, rights, or interest in

reinstatement at JFK. Mirsky also agrees not to seek employment at JFK. If it is learned that Mirsky has become employed with and/or is working at JFK, Mirsky agrees to immediately resign, and if she does not, she agrees that JFK may immediately terminate her.

### 5. Reference Inquiries

Reference inquiries are sent to JFK's third-party vendor, who will confirm position held, dates of employment and that Mirsky is "eligible for rehire."

### 6. Employee Acknowledgement

Mirsky acknowledges being given a period of at least twenty-one (21) days within which to consider this Agreement, and that Mirsky has knowingly and voluntarily entered into the Agreement.

### 7. Revocation Right and Effective Date of the Agreement

For a period of seven (7) days following the execution of the Agreement, Mirsky may revoke or cancel the Agreement, and the Agreement shall not become effective or enforceable until this revocation period has expired. In other words, the Agreement shall become effective automatically on the eighth day following execution unless the Executive revokes it first. Should Mirsky desire to revoke acceptance of this Agreement, she shall do so by sending written notice to undersigned counsel for JFK, no later than the end of the seventh day. Notification can be effected via overnight mail, facsimile with returned receipt, personal delivery or email with confirmation.

### 8. Counterparts

The parties agree that this Agreement may be executed in multiple counterpart originals with the same effect as if the parties had signed the same document. All counterparts shall be

5

109739458.3

construed together and shall constitute one and the same agreement. Faxed or scanned transmissions and/or copies of the signature block shall be deemed enforceable.

IN WITNESS WHEREOF, the parties have each duly executed this Settlement Agreement and Release on the ___9___ day of December, 2016.

_____
MARIAN MIRSKY

_____
Chad E. Levy, Esq.
Levy & Levy, P.A.
915 Middle River Drive, Suite 518
Ft. Lauderdale, FL 33304
Phone: (954) 763-5722
Fax: (954) 763-5723
*Attorneys for Plaintiff*


JFK Medical Center Limited Partnership
d/b/a JFK Medical Center
By its General Partner, Columbia Palm Beach GP, LLC

By: _____

Name: _____

Title: _____


_____
Alexander D. del Russo, Esq.
CARLTON FIELDS JORDEN BURT, P.A.
P.O. Box 150
West Palm Beach, FL 33402-0150
Telephone:   (561) 659-7070
Facsimile:    (561) 659-7368
*Attorneys for Defendant*

6

109739458.3